# PETITIONER 1

# NOTE

This Note is made on the 8th DAY OF OCTOBER, 2015 (this "**Note**") between **1905 FULTON STREET LLC**, having an address at 914 BEDFORD AVENUE, BROOKLYN, NEW YORK 11205 (the "**Borrower**") and **SADDAK FUNDING LLC**, a New York corporation having an address at 13 N CIRCLE DR, GREAT NECK, YORK 11021, (the "**Lender**").

**BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST**. For value received, Borrower promises to pay to Lender the sum of the sum of **FOUR HUNDRED THOUSAND DOLLARS ($400,000.00)** lawful money of the United States, plus any interest accrued and other applicable costs and expenses in accordance with the terms of this Note. Amounts due under this note shall bear interest at rate of **TWELVE PERCENT (12%)** per annum (except following the occurrence and during the continuation of an Event of Default (as defined below), when the Default Interest (as defined below) shall be the applicable rate of interest).

**PAYMENTS**. All amounts due under this Note shall be due and payable on **August 1, 2015 for the next 12 consecutive months, maturing on July 1st, 2016, in the interest only monthly amount of TWO THOUSAND DOLLARS ($4,000)**. Borrower shall pay any interest which has accrued and is not yet paid on any amount outstanding on the first business day of each calendar month for so long as any amounts are outstanding under this Note. All payments due under this Note shall be paid in immediately available funds to the Lender at **13 N CIRCLE DR, GREAT NECK, YORK 11021** or any other address as the Lender may designate from time to time to the Borrower.

**DEFAULT**. Notwithstanding the foregoing, all amounts due under this Note shall immediately become due and payable at the election of the Lender hereof, following the occurrence and during the continuation of any of the following events (each, an "**Event of Default**"):

(a) Borrower fails to pay any amounts due under this Note within five (10) days of the date such amount was due;

(b) Borrower fails to pay when due any indebtedness of the Borrower in an aggregate principal amount of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) or more;

(c) default shall occur under any one or more indentures, agreements or other instruments under which any indebtedness of the Borrower in an aggregate principal amount of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) or more is outstanding and such default shall continue for a period of time sufficient to permit the holder or beneficiary of such indebtedness or a trustee thereof to cause the acceleration of the maturity of such indebtedness or any mandatory unscheduled payment, purchase or funding thereof;

(d) Borrower shall (i) make an assignment for the benefit of creditors, (ii) apply for, seek, consent to, or acquiesce in, the appointment of a receiver, trustee or similar official for it or a substantial part of its property, (iii) seek relief under the United States Bankruptcy Code or (iv) suffer an involuntary petition in bankruptcy or receivership not vacated within thirty (30) days;

(e) Borrower shall fail within thirty (30) days to pay, bond or otherwise discharge any judgment

or order for the payment of money in excess of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) which is not stayed on appeal or otherwise being contested in good faith in a manner that stays execution thereof;

(f) Borrower defaults in the performance of any obligation or covenant under this Note, the Mortgage executed on the date hereof which secures the obligations of the Borrower in connection with this Note (the "**Mortgage**") or any other documents executed in connection with the loan extended by the Lender to the Borrower (such documents, together with the Note and Mortgage, the "**Loan Documents**"), and such default continues for a period of ten (10) days following written notice of such default by the Lender to the Borrower;

(g) any representation or warranty made by the Borrower in any of the Loan Documents is not true and correct in all material respects as of the date when such representation or warranty was made;

(h) any representation or warranty made by **TOMER DAFNA** (the "**Guarantor**") in the Guaranty, executed by the Guarantor as the date hereof (the "**Guaranty**"), is not true and correct in all material respects as of the date when such representation or warranty was made;

(i) the Guarantor defaults in the performance of any obligation or covenant of the Guaranty and such default continues for a period of ten (10) days following written notice of such default by the Lender to the Guarantor;

(j) the Guaranty is not a valid, enforceable and binding obligation of the Guarantor;

(k) the Guarantor shall (i) make an assignment for the benefit of creditors, (ii) apply for, seek, consent to, or acquiesce in, the appointment of a receiver, trustee or similar official for it or a substantial part of its property, (iii) seek relief under the United States Bankruptcy Code or (iv) suffer an involuntary petition in bankruptcy or receivership not vacated within thirty (30) days; and

(l) the amounts due under this Note are not secured by a first-priority perfected security interest in the premises subject to the Mortgage.

Following an Event of Default, Borrower agrees to pay all costs and expenses incurred by Lender, including all reasonable attorney fees (including both hourly and contingent attorney fees as permitted by law) for the collection of any amounts due under this Note, and including reasonable collection charges (including, where consistent with industry practices, a collection charge set as a percentage of the outstanding balance of this Note) should collection be referred to a collection agency.

**DEFAULT INTEREST.** Following the occurrence and during the continuation of any Event of Default, any amounts due pursuant to this Note shall accrue interest at a rate equal to the lower of (i) **24%** per centum per annum and (ii) the highest interest rate permissible under applicable law (such rate, the "**Default Interest**").

**LATE CHARGE AND FEES.** In addition any Default Interest and any other rights that the Lender may have, Borrower shall pay a late charge equal to five (5%) percent of any payment which is not made within five (5) days of the date on which such payment was due and payable pursuant to this note. Any returned checks will be subject to a $75.00 fee.

**VOLUNTARY PREPAYMENT.** Borrower may repay the amounts due under this Note, in whole but not in part, upon fifteen (15) days prior written notice to Lender stating the amount

to be prepaid and the date such prepayment will be made, so long as 3 or more monthly interest payments have been made. Prepayments prior to Borrower making 3 or more monthly interest payments are subject to a prepayment penalty equal to the difference between (i) the amount of 3 monthly interest payments and (ii) the amount of any interest payments made by the Borrower. Any prepayments will be applied (i) first to any additional charges then outstanding, (ii) to any outstanding interest, and (iii) to the principal that is owed under this Note. Borrower may not make any partial prepayments of the amounts due under this Note. In addition, if the loan is repaid between months 4 through month 12, Borrower shall pay an additional 10 days interest at closing.

**NO ASSIGNMENT BY BORROWER.** This Note, the Loan Documents, and any rights or obligations of the Borrower pursuant to the Note and the Loan Documents, may not be assigned by the Borrower without the prior written consent of the Lender.

**ASSIGNMENT AND PARTICIPATION BY LENDER.** Lender may assign this Note, the Loan Documents, and any rights and obligations of the Lender pursuant to this Note and the Loan Documents, in whole or in part, at any time without the consent of the Borrower. In addition, Lender may at any time sell to one or more purchasers ("Participants") participating interests in this Note and the amounts due pursuant to this note or any other interest of the Lender hereunder. In the event of any such sale by the Lender of participating interests to a Participant, the Lender's obligations under this Note to the Borrower shall remain unchanged, the Lender shall remain solely responsible for the performance thereof, the Lender shall remain the holder of any this Note for all purposes, and the Borrower shall continue to deal solely and directly with the Lender in connection with the Lender's rights and obligations under this Note and the Loan Documents. No Participant shall have the right to consent to any amendment to, or waiver of, any provision of this Note, except the Lender may provide in its agreement with the Participant that the Lender will not, without the consent of the Participant, agree to any amendment or waiver.

**CHOICE OF LAW; WAIVER OF TRIAL BY JURY.** This Note shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any conflict of law provisions contained therein. If any of the provisions of this agreement are found to be invalid under such laws, the validity of the others shall not be affected. The Borrower hereby waives trial by jury in any action, proceeding or counterclaim brought against the Borrower in connection with or arising out of this Note, and the Borrower hereby consents to the jurisdiction of the Courts of the State of New York for determination of any dispute as to any such matters.

**NOTICES.** All notices or other communications required or permitted hereunder shall be in writing and shall be deemed given or delivered (i) when delivered personally; (ii) on the next business day if by overnight courier; or (iii) on the third business day after being sent by registered or certified mail, to the address of each of the parties specified above or to such other address as such party may indicate by a notice given or delivered to the other party hereto.
**MODIFICATION OR WAIVER.** No provision of this Note may be waived except by agreement in writing, signed by the waiving party. A waiver of any term or provision of this Note shall not be construed as a waiver of any other term or provision. No change, modification or amendment of any provision of the Note shall be valid unless the same shall be in writing and signed by the parties hereto.

**SUCCESSORS.** This Note and all of its provisions shall be binding on my heirs, successors and/or assigns and on my estate should I pass prior to full repayment of this Note.

**SEVERABILITY.** If any provision of this Note is prohibited or held to be invalid, illegal, or unenforceable in any jurisdiction, the parties hereto agree to the fullest extent permitted by law that such invalidity, illegality, or unenforceability shall not affect the validity, legality, and enforceability of the other provisions of this Note and shall not render such provision prohibited, invalid, illegal, or unenforceable in any other jurisdiction.

**IT IS HEREBY EXPRESSLY AGREED,** that all of the covenants, conditions and agreements contained in the Mortgage are hereby made part of this instrument. Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

This note is secured by a mortgage made by the maker to the payee of even date herewith, on property located at **1905 FULTON STREET, BROOKLYN, NEW YORK.**

**1905 FULTON STREET LLC**

_____

**TOMER DAFNA – Managing Member**

STATE OF NEW YORK    )
                     ) SS:
COUNTY OF KINGS      )

On the 8th DAY OF OCTOBER, 2015 before me, the undersigned, personally appeared TOMER DAFNA personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

NOTARY PUBLIC

KELLY O'BRIEN
NOTARY PUBLIC STATE OF NEW YORK
NO. 01OB6311041
QUALIFIED IN KINGS COUNTY
TERM EXPIRES 09/08/20 17

*Record and return to:*
**SADDAK FUNDING LLC**
13 N CIRCLE DR, GREAT NECK, YORK 11021

## GUARANTY OF PAYMENT

**AGREEMENT OF GUARANTY** made as of the 8th DAY OF OCTOBER, 2015, from **TOMER DAFNA**, the undersigned hereof, with an address at 914 BEDFORD AVENUE, BROOKLYN, NEW YORK 11205 (hereinafter referred to as "**Guarantor**"), and **SADDAK FUNDING LLC**, with an address at 13 N CIRCLE DR, GREAT NECK, YORK 11021 (hereinafter together with its successors called "**Lender**").

## WITNESSETH:

**WHEREAS, Guarantor** has requested the **Lender** to lend to **1905 FULTON STREET LLC** ("**Borrower**") the sum of **FOUR HUNDRED THOUSAND DOLLARS ($400,000.00)** (the "**Loan**"), secured by a First Mortgage of the same date between Borrower and **Lender** (the "**Mortgage**");

**WHEREAS,** as part of the consideration for making the loan, the Guarantor has agreed to procure and deliver this Guaranty and Lender has refused to make this **Loan** to **Borrower** unless the **Guaranty** is executed by the **Guarantor** and duly delivered to **Lender.**

**NOW, THEREFORE,** in consideration of the promises and in order to induce **Lender** to make the **Loan, Guarantor** hereby unconditionally covenants and agrees to and with **Lender** as follows:

1. **Guarantor** unconditionally guarantees to **Lender** the prompt and complete payment of the sum of **FOUR HUNDRED THOUSAND DOLLARS ($400,000.00)** principal and the interest only payments on the Note and any obligations owed to **Lender** by **Borrower** by virtue of **Lender's** rights against **Borrower** as contained in the **Note** and **Mortgage,** including but not limited to legal fees and default interest, it being expressly understood and agreed that this is a continuing **Guaranty** and an instrument for the payment of money only, that the obligations of the **Guarantor** are and shall be absolute under any and all circumstances, without regard to the validity, regularity or enforceability of the **Note, Mortgage** or any other instruments executed in connection therewith, a true copy of the each of said documents the **Guarantor** hereby acknowledge having received, reviewed and approved.

2. **Guarantor** hereby agrees that his liability hereunder shall be unaffected by (i) any amendment or modification of the provisions of the **Mortgage**, the **Note**, or any other instrument made to or with the **Lender** by the **Borrower**, or any person who succeeds the **Borrower** as owner of the encumbered premises; (ii) any extension of time for the performance required thereby, (iii) any sale, assignment of foreclosure of the **Note**, the **Mortgage** or any sale of the encumbered property, or any part thereof, (iv) exculpatory provisions, if any, in any of said instruments limiting **Lender's** recourse to property encumbered by the **Mortgage** or to any other security or limiting **Lender's** rights to enforce a deficiency judgment against the **Borrower**, (v) the release of the **Borrower**, the **Guarantors** or any other person or entity from performance or observance of any of the agreements, terms or conditions contained in any of said instruments by operation of law or otherwise, whether made with or without notice to the **Guarantor**, or (vi) **Lender's** failure to otherwise, perfect, protect, secure or insure any security interest or lien given as security for the **Note** (vii) Accuracy or inaccuracy of any representations or warranties made by the **Borrower** in the mortgage or by any of the **Guarantors** in this **Guaranty**, (viii) Any bankruptcy, insolvency, liquidation, moratorium, reorganization, arrangement for the benefit of creditors, receivership,

trusteeship or other law of like import affecting the **Borrower**, the premises, the **Guarantor** or their respective successors and assigns including, but not limited to, any automatic stay granted pursuant to any provision of a bankruptcy or similar law, (ix) any or defense given to the **Guarantor** or surety at law or in equity; and (x) any allegation or claim that the **Note**, the **Mortgage** or other instruments executed in connection with the **Loan** were not duly authorized, executed and delivered by the parties thereto.

3. **Guarantor** hereby waives any and all legal requirements that **Lender** shall institute any action or proceedings at law or in equity against **Borrower**, or anyone else, or exhaust his remedies against **Borrower**, or anyone else, in respect of the **Loan**, or the obligations evidencing the same or the **Mortgage**, or in respect of any other security held by **Lender**, as a condition precedent to bringing an action against the **Guarantor** upon this **Guaranty**. All remedies afforded to **Lender** by reason of this **Guaranty** are separate and cumulative remedies and it is agreed that no one of such remedies, whether exercised by **Lender** or not, shall be deemed to be an extension of any of the other remedies available to **Lender** and shall not limit or prejudice any other legal or equitable remedy which **Lender** may have.

4. It is understood and agreed that the **Guarantor** shall not be released by any act or thing which might, but for this provision of this instrument, be deemed as legal or equitable discharge of a surety or a guarantor, or by reason of any waiver, extension, modification, forbearance or delay or other act or omission of **Lender** or its failure to proceed promptly or otherwise, or by reason of any action taken or omitted or circumstance which may or might vary the risk or affect the rights or remedies of **Guarantor** or by reason of any further dealings between **Borrower** and **Lender**, whether relating to the **Loan** or otherwise, and the **Guarantor** hereby expressly waive and surrender any defenses of their respective liabilities hereunder based upon any of the foregoing acts, omissions, things, agreements, waivers, or any of them and hereby expressly waive and relinquish all other rights and remedies accorded by applicable law to guarantors and sureties; it being the purpose and intent of the parties hereto that the obligations of **Guarantor** hereunder are absolute and unconditional under any and all circumstances. No amendment, modification, discharge, waiver or release of this **Guaranty** shall be established by conduct, custom or course of business.

5. **Guarantor** hereby waives notice of acceptance of this **Guaranty** by **Lender** and of presentment for payment, demand, protest, notice of protest and of dishonor, notices of default and all other notices of every kind and description now or hereafter provided by any statute or rule of law.

6. In the event that the **Guarantor** shall advance or become obligated to pay any sums toward the **Loan** or **Note** or for any other purpose in connection with the encumbered property or in the event that for any reason whatsoever the **Borrower** or any subsequent owner of the encumbered property, or any party thereof, is now, or shall hereafter become, indebted to the **Guarantor**, the **Guarantor** agree that the amount of such sums and of such indebtedness and all interest thereon shall at all times be subordinate as to lien, time of payment and in all other respects to all sums, including principal, interest and other amounts at any time owing to the **Lender** under the **Note** or the obligations evidencing the same or the **Mortgage** and that the **Guarantor** shall not be entitled to enforce or receive payment thereof until such sums owing to the **Lender** have been paid. Nothing herein contained is intended or shall be construed to give the **Guarantor** any right of subrogation in or under the **Loan**, the obligations evidencing the same, the **Mortgage** or any right to participate in any way therein or in the right, title or interest of the **Lender** in or to the encumbered property, notwithstanding any payments made by the **Guarantor**. Under this

**Guaranty**, all such rights of subrogation and participation are hereby expressly waived and released.

7. Any notice, demand or request by **Lender** to the **Guarantor** shall be in writing and shall be deemed to have been duly given or made if mailed by certified or registered mail addressed to the **Guarantor** at his address set forth at the foot hereof.

8. This **Guaranty** is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of New York and shall be in all respects governed, construed, applied and enforced in accordance with the laws of said State; and no defense given or allowed by the laws of any other State or Country shall be interposed in any action or proceeding hereon unless such defense is also given or allowed by the laws of the State of New York. The undersigned agree to submit to personal jurisdiction in the State of New York in any action or proceeding arising out of this **Guaranty**

9. **Guarantor** expressly represents and warrants that at the time of the execution of this **Guaranty**:

(a) There are no actions, suits or proceedings pending, or to the knowledge of the **Guarantor**, threatened against or affecting the **Guarantor** or the properties of the **Guarantor** before any court or governmental department, commission, board, bureau, agency or instrumentality, domestic or foreign, which, if determined adversely to the **Guarantor**, would have a material adverse effect on the financial condition, properties or operations of the **Guarantor**.

(b) The **Guarantor** is not a party to any indenture, or loan or credit agreement or any lease or other agreement or instrument or subject to any charter or other restriction which would have a material adverse effect on the ability of the **Guarantor** to carry out his obligations under this **Guaranty**.

(c) Intentionally Omitted.

(d) Neither the business nor the properties of the **Guarantor** are affected by a fire, explosion, strike, lockout, or other labor dispute, drought, storm, hail, earthquake, embargo, acts of God or of the public enemy or other casualty (whether or not covered by insurance) which would have a material adverse affect upon the financial condition of the **Guarantor**.

(e) The **Guarantor** has the full power, legal right, authority and requisite capacity to execute and deliver this **Guaranty**, and to observe, perform and fulfill the provisions hereof.

10. The **Guarantor** hereby agrees to indemnify the **Lender** against loss, cost or expense caused by the assertion by the **Borrower** of any defense to its obligations under the **Note**, the **Mortgage** or the assertion by the **Guarantor** of any defense to his obligations under this **Guaranty**. The **Guarantor** hereby waives any right or claim of right to cause a marshaling of **Borrower**'s assets or to cause **Lender** to proceed against any security for the **Note** before proceeding against the **Guarantor**. The **Guarantors** agree that any payments required to be made by him under this **Guaranty** shall become due in accordance with the **Note** and **Mortgage**

immediately upon the happening of any default under the **Note** or the **Mortgage** and without presentment of the **Note** to the **Borrower**, demand for payment or protest thereof, or notice of nonpayment or protest thereof. The **Guarantor** agrees that his obligations under this **Guaranty** are undertaken as primary obligor and not surety.

11. This **Guaranty** is separate, distinct and in addition to any liability and/or obligations that the **Guarantors** may have under any other guaranty or any other agreement executed by the **Guarantors** in connection with the **Loan**.

(i) Upon request of the lender from time to time, a certificate of the **Guarantor** (an "Estoppel") stating that he has no knowledge of any event of default under the **Mortgage**, nor any event which, will notice, the passage of time, or both, would constitute an event of default, which has occurred and is continuing.

12. Should the **Lender** be obligated by a bankruptcy or other law to repay to the **Borrower** of the **Guarantors** or to any trustee, receiver or other representative of any of them, any amounts previously paid in respect of this **Guaranty**, then this **Guaranty** shall be reinstated to include the amount of such repayment. **Lender** shall not be required to litigate or otherwise dispute its obligation to make such repayments if, in good faith and on the advice of counsel it believes that such obligation exists.

13. If any action, suit or proceeding which either directly or indirectly involves this **Guaranty** is commenced, the **Guarantor** waive his right to any jury trial in connection therewith.

14. This **Guaranty** may be executed in one or more counterparts, each of which counterparts shall be an original and all of which shall constitute a single agreement of guaranty. The failure of any party listed below to execute this **Guaranty**, or any counterpart thereof, shall not relieve any other party from its obligations under this **Guaranty**.

15. This **Guaranty** may not be modified, amended, discharged or otherwise changed orally, but only by an instrument in writing which is executed and delivered by the **Guarantor** and the **Lender**.

16. The **Guarantor** acknowledge that he has received a true copy of this **Guaranty**, and agree that he has executed and delivered this **Guaranty** to the **Lender**, intending that it materially and justifiably rely thereon in advancing the loan evidenced by the **Note** and secured by the **Mortgagee**.

17. If any of the provisions of this **Guaranty**, or the application thereof to any person or circumstances, shall, to the extent, be invalid or unenforceable, the remainder of this **Guaranty**, or the application of such provision or provisions to persons or circumstances other than those to whom or which it is held invalid or unenforceable, shall not be affected thereby, and every provision of this **Guaranty** shall be valid and enforceable to the fullest extent permitted by law.

18. This **Guaranty** shall be binding upon the respective heirs, legal representatives, successors and assigns of the **Guarantor** and shall inure to the benefit of the **Lender** and its successors and assigns.