**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X
In re:

                                               Chapter 7 (Involuntary)
TOMER DAFNA,

                                               Case No.: 1-21-40678-nhl

                  _Debtor._
_____X

## PETITIONERS' OBJECTION TO DEBTOR'S MOTION SEEKING DISMISSAL OF THE INVOLUNTARY PETITION

### PRELIMINARY STATEMENT

1.     The Debtor Tomer Dafna (hereinafter "Dafna" or the "Debtor") goes to great lengths in his motion to argue the instant involuntary petition was filed in bad faith, despite the fact it is presumptively made in good faith absent evidence to the contrary.

2.     The Debtor also unconvincingly argues that the petitioning creditor Saddak Funding LLC ("Saddak") seeks an impermissible end-around of its actions in the Supreme Court of the State of New York without realizing that Dafna's conduct and baffling amount of unpaid debt render him the quintessential debtor for the involuntary bankruptcy petition.

3.     His motion to dismiss must therefore fail because: (i) petitioning creditors' claims are not subject to a bona fide dispute; (ii) the petition was filed in good faith; (iii) Debtor has less than twelve creditors; and (iv) abstention is not warranted because bankruptcy is in the best interest of the creditors.

### ARGUMENT

**I.    THE PETITIONING CREDITORS' CLAIMS ARE NOT SUBJECT TO A BONA FIDE DISPUTE AS TO EITHER LIABILITY OR AMOUNT**

4.     Debtor claims that Saddak's claim is subject to a bona fide dispute as to liability and amount because (1) Saddak's loan is usurious and (2) Saddak is barred from pursuing any

relief in bankruptcy court because of the election of remedies doctrine. Debtor is mistaken on both fronts.

5.      In defining a bona fide dispute, this Circuit in *Crest One Spa v. TPG Troy, LLC* (In re TPG Troy, LLC), stated:

> There is a bona fide dispute if there is either a genuine issue of material fact that bears upon the debtor's liability or a meritorious contention as to the application of law to undisputed facts. [T]he legislative history makes it clear that Congress intended to disqualify a creditor whenever there is any legitimate basis for the debtor not paying the debt, whether that basis is factual or legal. An involuntary bankruptcy case cannot be the means of pressuring a debtor to pay a legitimately disputed debt.

<u>See</u> 793 F.3d 228, 234 (2d Cir. 2015).

6.      As set forth below, the Debtor has not – and cannot – show that a genuine issue of material fact exists as to his liability to Saddak. Nor has the debtor shown that a meritorious contention exists as to the application of law to the undisputed facts.

A.  <u>Saddak's Loan is Not Usurious</u>

7.      Debtor is indebted to Saddak on a personal guaranty. Debtor has never disputed the validity of the personal guarantee. Indeed, Saddak's motions were denied merely on procedural grounds, not the merits. Yet, Debtor argues that a bona fide dispute exists because the loan charges late fees, attorneys' fees, and 24% default interest. This demonstrates a fundamental misunderstanding of New York's usury law.

8.      Under New York law, when a note is not usurious on its face, a court will not presume usury; rather, the party asserting the defense of usury must prove all the elements, including the lender's usurious intent. *Union Capital LLC v. Vape Holdings, Inc.*, No. 16-cv-1343, 2017 WL 1406278, at *4 (S.D.N.Y. Mar. 31, 2017). This "intent must be shown by clear, unequivocal and convincing proof." *Phlo Corp. v. Stevens*, No. 00-cv-3619, 2001 WL 1313387,

at *4 (S.D.N.Y. Oct. 25, 2001) (citations omitted). "There is a strong presumption against the finding of usurious intent and a loan is not usurious merely because there is a possibility that the lender will receive more than the legal rate of interest." *Id.* (citation omitted). N.Y. General Obligations Law § 5-501; N.Y. Penal Law § 190.40.

9.      By statute, limited liability companies are prohibited from asserting the defense of usury. <u>See</u> General Obligations Law § 5-521. Likewise, an individual guarantor of a corporate obligation is also precluded from asserting such a defense. *Gen. Phoenix Corp. v Cabot*, 300 NY 87 (1949). Importantly, New York's civil usury law does not apply to defaulted obligations. *Bruce v Martin*, 845 F Supp 146 (SDNY 1994).

10.     In addition, attorneys' fees are not "hidden interest payments." *Adar Bays, LLC v GeneSYS ID, Inc.*, 341 F Supp 3d 339 (SDNY 2018) *quoting Hillair Capital Investments, L.P. v Integrated Frgt. Corp.*, 963 F Supp 2d 336 (SDNY 2013) ("a borrower may pay reasonable expenses attendant on a loan without rendering the loan usurious," and that "[r]easonable expenses can include payments for attorneys' fees associated with the loan."). Considering Debtor's propensity for fraud and litigious history, Debtor cannot argue that the attorneys' fees are unreasonable or constitute hidden interest.

11.     Nor are late fees considered to be "hidden interest payments." *Sogeti USA LLC v Whirlwind Bldg. Sys., Inc.*, 274 Fed Appx 105 (2d Cir 2008) ("'[t]he rudimentary element of usury is the existence of a loan or forbearance of money.'" *Feinberg v. Old Vestal Road Assocs.,* 157 A.D.2d 1002, 550 N.Y.S.2d 482, 483 (3rd Dep't 1990). Because the monthly service charge does not constitute a loan or forbearance, *see F.K. Gailey Co. v. Wahl,* 262 A.D.2d 985, 692 N.Y.S.2d 563, 564 (4th Dep't 1999); *Waterbury v. City of Oswego,* 251 A.D.2d 1060, 674 N.Y.S.2d 530, 531 (4th Dep't 1998), the usury statute is inapplicable.); *Protection Indus. Corp v Kaskel*, 262

AD2d 61 (1st Dept 1999) (the imposition of a late payment charge is not a forbearance). Here, late fees are not a forbearance or a loan. Therefore, Debtor may not make a meritorious argument to the contrary.

12.     Here, the Debtor – as a personal guarantor of 1905 Fulton LLC's defaulted obligation – cannot avail himself of the defense of usury. Moreover, the late fees, default interest, and attorneys' fees do not make the note usurious. Thus, there is absolutely no bona fide dispute[1].

B.  <u>The Election of Remedies Doctrine is Inapplicable</u>

13.     Next, Debtor argues that the election of remedies doctrine bars Saddak from being a petitioning creditor because Saddak brought a foreclosure action in state court. However, this is incorrect[2].

14.     In fact, the very argument Debtor makes concerning the election of remedies has been rejected in *In re 1020 Warburton Ave. Realty,* 127 B.R. 333 (Bankr. S.D.N.Y.1991). The Warburton Court noted that "[t]he commencement of [a] chapter 11 case immediately invokes 11 U.S.C. § 362(a) which automatically stays any foreclosure proceedings against property of the estate." *Warburton Ave.,* 127 B.R. at 336. This is precisely what occurred here – the foreclosure action was stayed.

15.     The Warburton Court likewise held that, because "[t]he United States Constitution specifically mandates that only Congress has the authority to promulgate laws with respect to

---

[1] To the extent the Court believes there is merit to Debtor's contentions regarding interest, it is respectfully submitted that Saddak is minimally entitled to its unconditional relief as set forth in the undisputed personal guaranty. Therefore, only in that event, Saddak respectfully requests to amend its petition to seek the principal amount of $400,000.

[2] Debtor cites to *In re South Side House, LLC,* 470 B.R. 659, 673-74 (Bankr. E.D.N.Y. 2012), which is wholly inapplicable here. Notably, there, the Court permitted the bankruptcy to proceed.

bankruptcy[,] ... state statutes may not impose conditions for the filing of bankruptcy cases in Federal Courts." *Id.* Additionally, according to the court, the election of remedies statute "governs state procedures and has no application to bankruptcy cases which are constitutionally within the exclusive province of Congress." *Id.*

16.    *Warburton* was considered by this Court in *Les Placements v Rosenberg*, 96-CV-6140 (JG), 1997 WL 1048897 (EDNY Dec. 1, 1997) when striking down a similar argument:

> In that case, the debtor argued that the creditors who had filed an involuntary bankruptcy petition against it had done so in bad faith because one of the creditors was attempting to circumvent the election of remedies statute by filing the petition after already having chosen to proceed against the guarantor in district court. *See id.* at 334. The bankruptcy court rejected the debtor's argument. In so doing, it held, *inter alia,* that "the involuntary Chapter 11 petition is not tantamount to a foreclosure proceeding," because, unlike a foreclosure, an involuntary proceeding is not "simply a two-party dispute." *Id.* at 336.

at *4.

17.    The Rosenberg Court additionally emphasized that "[a]t oral argument, the parties agreed that…a number of other creditors have outstanding claims against the debtor. Consequently, unlike a foreclosure action, the on-going proceeding in the bankruptcy court is more than 'simply a two-party dispute.' I therefore find that New York's election of remedies statute does not preclude the plaintiffs from proceeding against the guarantors in this action." *Id*. at *5.

18.    Here, Debtor disclosed a list of creditors. *See* Exhibit Q to Debtor's Motion to Dismiss. These creditors – regardless of whether they qualify as creditors under § 303 – indicate that this is "more than simply a two-party dispute."

19.     Petitioners recognize that that they are limiting their recovery to the bankruptcy court and through the bankruptcy process. Petitioners are doing so precisely for the benefit of Debtor's creditors because exceptional circumstances exist.

20.     Here, Debtor is under criminal prosecution. In the event of forfeiture, Debtor's assets may be seized and forfeited by the Federal Government, leaving creditors at a loss. However, by filing the instant petition, Petitioners have centralized Debtor's assets and have prevented prejudice to other creditors by filing prior to a possible forfeiture of Debtor's assets by the Federal Government. *See United States v Salerno*, 932 F2d 117 (2d Cir. 1991) (deferring jurisdiction to the bankruptcy court).

21.     Not only is the debtor under criminal prosecution, Debtor, through his agent Avraham Tarshish, has affirmatively stated that Petitioners will not receive their money for at least five years:

> He should be expecting a surprise
> He is a pickled [expletive]
> I got along with 10 money lenders
> It's not by accident he is the last one
> He is a Homo
> Mark my words
> 5 years minimum till he will see $

*See* ECF. No. 8, #6.

22.     Therefore, no bona fide dispute exists as the election of remedies doctrine is inapplicable herein.

## II.      THE PETITION WAS FILED IN GOOD FAITH

23.     The Debtor alleges that the petition was filed in bad faith.

24.     There is a presumption of good faith in favor of petitioning creditors; thus, the Debtor bears the burden of proving bad faith. *United States Fidelity & Guar. Co. v. DJF Realty & Suppliers, Inc.,* 58 B.R. 1008, 1011 (N.D.N.Y.1986), *quoted in LNC Invs., Inc. v. Secured Equip.*

*Trust of Eastern Airlines, Inc. (In re Secured Equip. Trust of Eastern Air Lines, Inc.),* No. 91 Civ. 5049 (MBM), 1992 WL 295943, at \*6 (S.D.N.Y. Oct.8, 1992).; *Lubow Mach. Co. v. Bayshore Wire Prods. Corp. (In re Bayshore Wire Prods. Corp.*), 209 F.3d 100, 105 (2d Cir. 2000).

25.     Here, the petition was filed in good faith. Annexed hereto as **Exhibit A** is the Declaration of Leo Jacobs, affirming under the penalties of perjury, that this petition was not brought in bad faith, a due diligence effort in seeking out additional creditors was conducted, a reasonable inquiry into the claims prior to filing was conducted, and all known creditors were contacted to join.

26.     This is precisely why Jerome Williams – a creditor whose claim is entirely unrelated to that of Saddak – joined in the petition. Notwithstanding Debtor's suspicious timing of entering into a stipulation to vacate Mr. Williams' claim, Mr. Williams had a claim at the time the petition was filed. See In re Einhorn, 59 BR 179, 185 (Bankr. EDNY 1986) (discussing that petitioning creditors must establish that debtor was generally not paying debts as they became due at the time the petition was filed).

27.     In fact, the suspicious timing and nature of the stipulation – and the Debtor's propensity for fraud – indicates that Debtor is likely showing some creditors preferential treatment to the detriment of all others, as – until the time the instant petition was filed – the Debtor failed to take any action whatsoever with respect to the judgment.

28.     The Debtor therefore fails to meet his burden to prove that he was generally paying his debts as they became due. Upon information and belief, as noted in the petition, Debtor has less than 12 creditors. One creditor is sufficient to bring an involuntary petition; however, this was not the case here. The Petition was, in fact, brought for the benefit of all creditors. This is precisely

why two creditors with unrelated claims were included in the petition – despite one being sufficient – and notification was sent to Debtor's other known creditors.

29.    In determining whether an alleged debtor is generally paying its debts as they come due, courts typically look to four factors: (i) the number of unpaid claims; (ii) the amount of such claims; (iii) the materiality of the non-payments; and (iv) the nature of the debtor's overall conduct in its financial affairs; no one factor is more meritorious than another; what is most relevant depends on the facts of each case. See In re Paper I Partners, L.P., 283 B.R. 661, 677 (Bankr. S.D.N.Y. 2002); see also In re Acis Capital Management, L.P., 584 B.R. 115, 143 (Bankr. N.D. Tex. 2018).

30.    Here, the number and amount of the unpaid claims total in the millions, and the materiality of the non-payments is unquestionable given that so many individuals – including the petitioning creditors – have judgments and/or instruments for the payment of money only against the Debtor.

31.    Perhaps most egregious is the fact that the debtor's overall conduct evinces that of a fraudster. He has caught the attention of federal authorities and is currently facing both criminal and civil charges by the United States of America for his rampant engagement in mortgage fraud schemes, one of which the petitioning creditor Saddak has been a victim of.

32.    Based on the foregoing, the Debtor has failed to come forward with any evidence showing that the instant petition was made in bad faith.

## III.    THERE ARE LESS THAN 12 CREDITORS

33.    Debtor annexes a list claiming twelve (12) or more creditors exist such that relief under 11 U.S.C. § 303 must be denied. See Exhibit Q to Debtor's Motion to Dismiss.

34.    Curiously, although Debtor declares that the alleged creditors are not insiders, Debtor does not declare that the alleged creditors hold debts not subject to a bona fide dispute.

35.     Nevertheless, in light of Debtor's allegation of additional creditors, Saddak is entitled to discovery to determine whether the list of creditors presented by Debtor is accurate and whether any creditors are excludable. *See Matter of Rassi*, 701 F2d 627 (7th Cir 1983).

36.     Moreover, certain alleged creditors qualify as one creditor pursuant to the numerosity requirement of § 303.

37.     Joint payees on a promissory note have been treated as a single claimholder under § 303(b). In re T.P. Herndon and Co., 87 B.R. 204, 205–06 (Bankr. M.D. Fla. 1988) (note assigned to three persons represents only one claim); In re Averil, Inc., 33 B.R. 562, 563, 37 U.C.C. Rep. Serv. 158 (Bankr. S.D. Fla. 1983); In re McMeekin, 16 B.R. 805, 808–09, 5 Collier Bankr. Cas. 2d (MB) 1424 (Bankr. D. Mass. 1982) (involuntary petition dismissed where court's ruling results in only two petitioning creditors). See also In re Central Hobron Associates, 41 B.R. 444, 447–48, 11 Collier Bankr. Cas. 2d (MB) 323 (D. Haw. 1984) (court finds one debt where three separate entities owed money arising from same transaction); In re Forster, 465 B.R. 97, 101 (Bankr. W.D. Va. 2012).

38.     Where the claims of the petitioners arose out of a single guaranty, a court held that they collectively held a single claim. In re Rosenberg, 414 B.R. 826, 845, 62 Collier Bankr. Cas. 2d (MB) 1067 (Bankr. S.D. Fla. 2009). Where a final judgment was not divisible as between the judgment creditors, a court declined to count them as separate creditors. In re Edwards, 501 B.R. 666, 679–80 (Bankr. N.D. Tex. 2013).

39.     Here, creditors whose claims must be treated as one include 458-497 Ninth Avenue Partners LLC, 325 Third Ave LLC, 126 Bapaz LLC, 3800 Broadway LLC, and Meyerson Management. All of the aforementioned creditors hold one confession of judgment executed by Debtor. *See* Exhibit Q: 2-6 to Debtor's Motion. In addition, they consist of the same managing

member – David Israeli. Ergo, Mr. Israeli does not have five claims totaling 45 million dollars, but one claim of 9 million dollars. *In re Gilbert*, 115 BR 458 (Bankr SDNY 1990). *See* Affidavit of David Israeli in Index No. 520316/2019 annexed hereto as **Exhibit B.** There, Mr. Israeli affirms that he is the managing member of 458-497 Ninth Avenue Partners LLC, 325 Third Ave LLC, 126 Bapaz LLC, 3800 Broadway LLC, and Meyerson Management. Therefore, they must be treated one creditor.

40.     Debtor disingenuously alleges creditors whom Petitioners would not be privy to – Verizon, allegedly outstanding legal fees, and personal tax liabilities.

41.     *In re Branche,* 275 F. 555, 557 (N.D.N.Y.1921) explicitly excludes creditors "where debtor named as creditors individuals whose bills were payable monthly to increase total number of claim holders beyond twelve…" noting that "[m]ere schemes and artifices to avoid letter and spirit of law will not be tolerated." This includes Verizon[3], whose bills are payable monthly, and was disclosed solely to increase the number of creditors beyond twelve.

42.     In addition, Debtor included outstanding legal fees from his present criminal counsel and his present counsel in Mr. Williams' case (503186/2017). These were overtly included as "schemes and artifices to avoid letter and spirit of law" and should not be tolerated by this Court.

43.     Alternatively, to the extent Debtor indeed has 12 or more eligible creditors, those creditors must be afforded a reasonable opportunity to join this petition.

44.     Therefore, although Petitioners maintain that Debtor has less than 12 creditors, Petitioners are entitled to discovery to confirm whether the alleged creditors are in fact eligible and, if eligible, they must be given a reasonable opportunity to join the petition.

---

[3] Verizon's bill was not due until May 5, 2021, over two weeks after Debtor filed the instant motion. *See* Exhibit Q:13 annexed to Debtor's Motion to Dismiss.

## IV.     ABSTENTION IS NOT WARRANTED BECAUSE BANKRUPTCY IS IN THE BEST INTEREST OF THE CREDITORS

45.     Debtor requests that this Court abstain. Abstention is not in the best interests of the creditors.

46.     "The case law concerning suspension of a bankruptcy case pursuant to § 305(a)(1) is sparse, but there is no dispute that suspension is 'an extraordinary remedy that should be used sparingly and not as a substitute for a motion to dismiss under other sections of the Bankruptcy Code.'" *In re Schur Mgmt. Co., Ltd.*, 323 B.R. 123, 129 (Bankr. S.D.N.Y. 2005) (citing Collier On Bankruptcy at ¶ 305.02 at 305-5); *see also In re Corino*, 191 B.R. 283, 287 (Bankr. N.D.N.Y. 1995); *In re Luftek, Inc.*, 6 B.R. 539, 548 (Bankr. E.D.N.Y. 1980).

47.     "Abstention is appropriate only if it will not impair the interests of any of the parties involved." *Farmer v. First Va. Bank*, 22 B.R. 488, 491 (E.D. Va. 1982).

48.     In the case at hand, the Alleged Debtor failed to demonstrate that abstention would better serve the interests of creditors (it would not). The purpose of the bankruptcy law includes more than debtor protections, but also, "marshalling and fair distribution of the debtor's assets." *In re Ethanol Pacific, Inc.*, 166 B.R. 928, 931 (Bankr. D. Idaho 1994).

49.     Although an automatic stay arises once a bankruptcy case is filed, § 362(b)(1) explicitly excludes criminal proceeding and § 362(b)(4) excludes actions of the Government enforcing its police or regulatory power. This includes criminal forfeiture proceedings. *US v. Erpenbeck*, 682 F.3d 472, 481 (6th Cir. 2012).

50.     "The timing and proximity of a bankruptcy filing in relation to the government's assertion of a forfeiture action is a critical consideration as to whether the bankruptcy court retains jurisdiction. For instance, if a creditor files an involuntary bankruptcy case and soon thereafter the government files a forfeiture action, the government may consider its objectives fulfilled since the

assets are under the court's control. As a result, the government may choose to only pursue the criminal conviction, thereby entitling the bankruptcy court to adjudicate the rights to the property. The practical effect of this scenario is the timely invocation of the bankruptcy court's jurisdiction" Myron M. Sheinfeld et. al., *Civil Forfeiture and Bankruptcy: The Conflicting Interests of the Debtor, Its Creditors and the Government*, 69 Am Bankr LJ 87 (1995) (internal citations and footnotes omitted).

51.     Bankruptcy is the only system that provides the creditors an opportunity to assert claims and be heard before the property dissipates in forfeiture. The unsecured creditors herein may likely find assets quickly evaporating in the wake of forfeiture proceedings with nothing left to satisfy their claims. In the case of the adjudication of the assets under the Code, the rights of all creditors are recognized. (MaryBeth C. Allen, *Take from the Fraudulent and Give to the Defrauded: The Code's Use in Asset Recovery in Criminal Securities Fraud Cases*, 21 Am Bankr Inst L Rev 191 [2013] *citing* Myron M. Sheinfeld et. al., *Civil Forfeiture and Bankruptcy: The Conflicting Interests of the Debtor, Its Creditors and the Government*, 69 Am Bankr LJ 87 [1995])

52.     Debtor's propensity for fraud is apparent even here. Not only does Debtor disingenuously include alleged outstanding legal fees and personal tax liabilities to drive up the creditor count and allege bad faith without merit, Debtor has proven himself less than truthful and capable of influencing others. The declaration of Marcela Dafna – sworn to on April 13, 2021 – indicates that Debtor has not lived at 147-07 72nd Road, Apt 3C, Flushing, New York (where Debtor was served in Mr. Williams' action) for at least the last ten years. Debtor himself, in his sworn affidavit in Mr. Williams' action (*See* Affidavit of Tomer Dafna in Index No. 503186/2017 annexed hereto as **Exhibit C**) swears that he has not resided at the Flushing address in the last ten years. If this is true, then Debtor has not been entirely truthful when swearing to the confession of

judgment in *Bayport Funding v. Dafna* on January 18, 2018 when swearing he resides at the Flushing address (*See* Exhibit Q:1 to Debtor's Motion).

53.     This is not a two-party dispute. The sheer monetary amount of the claims against Debtor warrant discovery to determine which entities Debtor controls and their operation, if Debtor is paying his debts as they come due, and if there are any unknown or undisclosed creditors. If the assets are not marshalled by this court, Debtor is substantially more likely to move, conceal, or otherwise obscure his assets.

54.     Here, Petitioner respectfully submits that this Court is the most appropriate forum to resolve the claims herein, and that the creditor body is entitled to this Court's jurisdiction and protection. If this Court abstains, the Debtor's assets may be subject to forfeiture. Alternatively, Debtor will continue to move his assets through shell corporations which he controls. Neither scenario is in the best interest of the creditors.

55.     Accordingly, because the interests of creditors would be better served in this Court, abstention is unwarranted under either Bankruptcy Code section 305(a) or 28 U.S.C. § 1334.

## CONCLUSION

56.     In light of the foregoing, Debtor's motion to dismiss must be denied because: (i) petitioning creditors' claims are not subject to a bona fide dispute; (ii) the petition was filed in good faith; (iii) Debtor has less than twelve creditors; and (iv) abstention is not warranted because bankruptcy is in the best interest of the creditors.


Dated: Kew Gardens, New York

May 25, 2021

                                        JACOBS PC

_/s/ Eduard Kushmakov_____

Leo Jacobs, Esq.

Eduard Kushmakov, Esq.

8002 Kew Gardens Road, Suite 300

Kew Gardens, New York 11415

Tel: (718) 772-8704

leo@jacobspc.com

Attorneys for Petitioning Creditor

Saddak Funding LLC